IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANNIE LEE KIRN,<br><br>Defendant. | CR 24-72-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Annie Lee Kirn (Kirn) has been accused of violating conditions of her supervised release. (Doc. 117). Kirn admitted the alleged violations. Kirn's supervised release should be revoked. Kirn should be sentenced to custody until December 9, 2025 at 4:00 p.m., with 21 months of supervised release to follow. During and up to the first 90 days of her supervised release, Kirn shall be placed at Passages, an in-patient substance abuse treatment facility in Billings, Montana as directed by her probation officer. Upon successful completion of Passages, Kirn shall be placed in a residential re-entry center for up to 180 days as directed by her probation officer.

## II. Status

Kirn pled guilty on January 7, 2025, to the offense of False Statement in violation of 18 U.S.C. § 1001(a)(2), as charged in Count 8 of the Indictment. (Doc. 73). Kirn was sentenced to 9 months of custody, followed by two years of supervised release. (Doc. 105). Kirn's current term of supervised release began on August 8, 2025.

### Petition

On October 23, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Kirn's supervised release. (Doc. 117). The Petition alleged Kirn violated conditions of her supervised release by: (1) having contact with the victim of her offense during October 2025 without obtaining the written approval of the probation office; and (2) leaving the federal judicial district where she was authorized to reside, by traveling to North Dakota during October of 2025, without first obtaining permission from the court or her probation officer.

### Initial Appearance

Kirn appeared before the Court on November 6, 2025. Kirn was represented by counsel. Kirn stated that she had read the Petition and that she understood the allegations against her. Kirn waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Kirn appeared before the Court on November 6, 2025. Kirn was advised of the allegations set forth in the Petition. Kirn admitted that she had violated the conditions of supervised release as set forth as allegations 1-2 in the Petition. Kirn's violations are serious and warrant revocation of his supervised release. Kirn requested a two-week continuance prior to sentencing. The Court scheduled the sentencing hearing for November 18, 2025.

**Sentencing hearing**

Kirn appeared before the Court on November 18, 2025. Kirn's violations are Grade C. Her criminal history category is I. Kirn's underlying offense is a Class D felony. Kirn could be incarcerated for up to 24 months. Kirn could be ordered to remain on supervised release for 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Kirn's supervised release should be revoked. Kirn should be sentenced to custody until December 9, 2025, at 4:00 p.m., with 21 months of supervised release to follow. During and up to the first 90 days of her supervised release, Kirn shall be placed at Passages, an in-patient substance abuse treatment facility in Billings, Montana, as directed by her probation officer. Upon successful completion of Passages, Kirn shall be placed in a residential re-

entry center for up to 180 days as directed by her probation officer. This sentence is sufficient but not greater than necessary.

## IV.  Conclusion

The Court informed Kirn that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Kirn of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Kirn that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Kirn waived her rights to appeal and allocute before Judge Morris

>The Court **FINDS**:
>
>That ANNIE LEE KIRN has violated the conditions of her supervised release by: (1) having contact with the victim of her offense during October 2025 without obtaining the written approval of the probation office; and (2) leaving the federal judicial district where she was authorized to reside, by traveling to North Dakota during October of 2025, without first obtaining permission from the court or her probation officer.
>
>
>The Court **RECOMMENDS:**
>
>That the District Court revoke Kirn's supervised release and sentence Kirn to custody until December 9, 2025 at 4:00 p.m., with 21 months of supervised release to follow. During and up to the first 90 days of her supervised release, Kirn shall be placed at Passages, an in-patient substance abuse treatment facility in Billings, Montana, as directed by her probation officer.  Upon successful completion of Passages, Kirn

shall be placed in a residential re-entry center for up to 180 days as directed by her probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 19th day of November 2025.

John Johnston
United States Magistrate Judge